# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BOISE CASCADE BUILDING MATERIALS DISTRIBUTION LLC<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | Court No. 23-00159 |

## COMPLAINT

Plaintiff, Boise Cascade Building Materials Distribution LLC ("Boise Cascade" or "Plaintiff"), by and through its attorneys, alleges and states as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.  This action is brought pursuant to 28 U.S.C. § 1581(c). Boise Cascade contests the final circumvention determination issued by the U.S. Department of Commerce ("Commerce") in *Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (Dep't of Commerce Jul. 20, 2023) ("*Final Determination*"); *see also* Memorandum from James Maeder, Deputy Assistant Secretary for Enforcement and Compliance, to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance, *Subject: Issues and Decision Memorandum for Circumvention and Scope Inquiries of the Antidumping Duty and Countervailing Duty Orders on Certain*

Court No. 23-00159

*Hardwood Plywood Products from the People's Republic of China* (Dep't of Commerce Jul. 14, 2023) ("Final I&D Memorandum").

## JURISDICTION

2.   The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, *as amended,* 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING

3.   Boise Cascade is an U.S. importer of the merchandise considered in Commerce's *Final Determination* and, thus, an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A) and 28 U.S.C. § 2631(k)(1).

4.   Boise Cascade participated in the contested proceeding by filing factual information and legal argument. Accordingly, Boise Cascade has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

5.   Boise Cascade commenced this action by filing a Summons on August 14, 2023, within 30 days after Commerce issued its *Final Determination*. Boise Cascade files this Complaint within 30 days of its filing the Summons. The Summons and Complaint are, therefore, timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and USCIT Rules 3(a)(2) and 6(a).

6.   Because Plaintiff's Complaint is being filed within the statutorily prescribed time period, this action is timely.

Court No. 23-00159

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

7.      Commerce simultaneously initiated scope and anticircumvention inquiries to determine whether certain hardwood plywood products completed in Vietnam were circumventing the orders on certain hardwood plywood products from China. *Certain Hardwood Plywood Products from the People's Republic of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly*, 85 Fed. Reg. 36,530 (June 17, 2020). At the time of initiation, Commerce defined inquiry merchandise for purposes of the circumvention proceeding as "{t}hese anti-circumvention inquiries cover plywood completed in Vietnam using plywood components (face veneer, back veneer, and/or either an assembled core or individual core veneers) manufactured in China, or Chinese components (assembled cores, multi-ply core panels, or individual core veneers combined in Vietnam with other components (face and/or back veneers) manufactured in Vietnam or third countries, and subsequently exported to the United States." *Id*. at 36,533. At the same time, Commerce initiated scope inquiries to confirm whether certain scenarios in which "Chinese producers and/or exporters are shipping the main components of plywood that are manufactured in China . . . to Vietnam for assembly into completed plywood before being imported to the United States, such further processing does not remove the merchandise from the coverage of the *Orders*." *Id*.

8.      On July 9, 2020, Commerce issued a clarification memorandum concerning the merchandise covered by the scope and circumvention proceedings. In the memorandum, Commerce confirmed the definition of inquiry merchandise, stating: "{t}he merchandise subject to these anticircumvention and scope inquiries *does not include* core veneers fully produced in Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and

combined with a face and back veneer produced in China." *See* Memorandum from Kabir Archuletta, Senior International Trade Analyst, Enforcement & Compliance, Office V, to The File, *Subject: Re: Certain Hardwood Plywood Products from the People's Republic of China, Subject: Clarification of Merchandise Subject to Anti-Circumvention and Scope Inquiries* (Jul. 9, 2020) ("Clarification Memorandum").  The clarification memorandum confirmed the five different production scenarios in Vietnam that encompassed inquiry merchandise.  Of these five scenarios, none covered the production and/or processing of hardwood plywood in Vietnam utilizing a core produced entirely in Vietnam utilizing veneer from Vietnam.

9.  On July 17, 2020, Commerce released U.S. Customs and Border Protection data and publicly identifiable companies.  *See* Memorandum from Dep't of Commerce to The File, *RE: Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China, Subject: Release of U.S. Customs and Border Protection Data and Publicly Identifiable Companies* (Jul. 17, 2020).  In this memorandum, Commerce attached a list of companies that were actively participating in the proceeding and companies that were included in the CBP data and were publicly identifiable exporters of plywood to the United States to whom Commerce intended to issue quantity and value questionnaire and require a response.  *Id*. at 2.

10.  On September 10, 2020, Commerce issued a letter to all interested parties containing quantity and value questionnaires for Vietnamese producers and exporters.  *See* Letter from Dep't of Commerce to All Interested Parties, *RE: Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (Sept. 10, 2020).

11. On February 22, 2021, Commerce issued a letter to all interested parties containing a supplemental quantity and value questionnaire for all Vietnamese producers and exporters that responded to the September 10, 2020, initial quantity and value questionnaire. *See* Letter from Dep't of Commerce to All Interested Parties, *RE: Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (Feb. 22, 2021).

12. On June 15, 2021, Commerce issued a letter to all interested parties containing a second supplemental quantity and value questionnaire for all Vietnamese producers and exporters that responded to Commerce's initial and first supplemental quantity and value questionnaires. *See* Letter from Dep't of Commerce to All Interested Parties, *Re: Anti-Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Second Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (June 15, 2021).

13. More than two years after the *Initiation Notice*, on July 29, 2022, Commerce published its *Preliminary Determination*, determining that certain hardwood plywood products and veneered panels exported from Vietnam, which were assembled in Vietnam, are subject to the orders concerning hardwood plywood from China and that certain hardwood plywood assembled in Vietnam are circumventing the *Orders* on hardwood plywood from China. *Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Scope Determination and Affirmative Preliminary Determinations of Circumvention of the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 45,753 (Jul. 29, 2022), and

accompanying Issues and Decision Memorandum (Jul. 22, 2022).  As part of the *Preliminary Determination*, Commerce established a certification regime allowing the certification of hardwood plywood from Vietnam that did not meet the definition of inquiry material.  Certain exporters were deemed ineligible to participate in the certification program.  Specifically, Commerce, applying facts available with an adverse inference finding, found that 36 exporters failed to cooperate to the best of their abilities and were precluded from participating in the certification program.  *Id*. at 45,754-45,755; *see also* Memorandum, *Application of Adverse Facts Available for the Preliminary Determination* (Jul. 22, 2022).  The *Preliminary Determination* was the first notification to the 36 exporters that their questionnaire responses were deficient in some manner.

14. Following issuance of the *Preliminary Determination*, interested parties filed requests to reopen the record for the submission of new factual information.  *See e.g.*, Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Certain Hardwood Plywood Products from the People's Republic of China – Request to Open the Record for New Factual Information* (Aug. 16, 2022); Letter From Husch Blackwell LLP to Dep't of Commerce, *Re: Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Comments Regarding Preliminary Determination and Request to Submit New Factual Information* (Aug. 4, 2022); Letter from deKieffer & Horgan, PLLC to Dep't of Commerce, *RE: Hardwood Plywood form the People's Republic of China: Request to Re-Open Record* (Aug. 19, 2022).  In these requests, interested parties submitted that the *Preliminary Determination* was the first instance in which interested parties were provided notice that Commerce deemed their entries inquiry merchandise and/or such parties were considered interested parties pursuant to 19 U.S.C. § 1677(9)(A).  Commerce failed to respond to these requests from interested parties or

open the record for submissions of new factual information addressing these perceived deficiencies.

15. Commerce issued a memorandum addressing the issues in the proceeding, including issues related to due process and equity considerations. *See* Memorandum from Kabir Archuletta, Program Manager AD/CVD Operations, Office V, to The File, *Re: Scope and Circumvention Inquiries of the Antidumping and Countervailing Duty Orders Certain Hardwood Plywood from the People's Republic of China, Subject: Extension of Deadline to Certify Entries of Hardwood Plywood and Response to Ministerial Error Allegations* (Nov. 30, 2022) ("November 30th Memorandum"). In the memorandum, Commerce acknowledged that they "do not foresee a mechanism (*e.g.*, administrative review or changed circumstance review) by which exporters that are ineligible to participate in the certification program (and/or their importers) could potentially demonstrate that their 2020 and 2021 POR entries were of non-inquiry merchandise" and proposed potential solutions. *Id*. at 3. Commerce concluded "that the unique circumstances present in these inquiries may present procedural and equity concerns." *Id*. Commerce invited interested parties to address these equity and due process concerns in case briefs. *Id*. at 4.

16. On January 9, 2023, Plaintiff timely submitted a case brief. Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Case Brief* (Jan. 9, 2023).

17. On February 1, 2023, Plaintiff timely filed a rebuttal brief addressing affirmative case briefs. Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Boise Cascade Building Materials Distribution LLC's Rebuttal Case Brief* (Feb. 1, 2023).

18. On February 15, 2023, Commerce conducted a public hearing and Plaintiff's counsel participated in the public hearing. *See* Hearing Transcript, *In Re: the Circumvention and Scope Queries on the Antidumping Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China* (Feb. 23, 2023).

19. More than three years after the initiation of these proceedings, on July 20, 2023, Commerce published the *Final Determination*, which reversed Commerce's preliminary scope determination, rendered an affirmative determination of circumvention for all product scenarios, maintained a certification program, and continued to find certain companies ineligible for the certification program. *See Final Determination*, 88 Fed. Reg. 46,740; *see generally* Final I&D Memorandum.

## STATEMENT OF THE CLAIMS

20. In the following respects, and for the other reasons demonstrated on the record of the administrative proceeding, Commerce's *Final Determination* is unsupported by substantial evidence and otherwise not in accordance with law.

## Count I

21. Plaintiff herein incorporates by reference paragraphs 1 through 20, *supra*, of this complaint.

22. In its *Final Determination*, Commerce found that certain Vietnamese producers manufactured inquiry merchandise that circumvents the *China Hardwood Orders* based upon adverse facts available ("AFA").

23. In applying AFA, Commerce failed to meet the requirements of 19 U.S.C. § 1677e. Commerce's determination is, therefore, not supported by substantial evidence and not in accordance with law.

### Count II

24.     Plaintiff herein incorporates by reference paragraphs 1 through 23, *supra*, of this complaint.

25.     Commerce assigned AFA to certain Vietnamese producers claiming deficiencies, inconsistencies and/or contradictions in their responses.  Commerce failed to notify these Vietnamese producers of any deemed inconsistencies, deficiencies and/or contradictions in their responses.  Commerce also failed to provide an opportunity for the Vietnamese producers and other interested parties to provide information and explanation related to these perceived deficiencies, inconsistencies or contradictions.  In the underlying proceeding Commerce failed to notify the Vietnamese producers of deficiencies, inconsistencies and/or contradictions with their submissions or other record evidence, despite taking approximately one year or more from the date that supplemental questionnaires were submitted to Commerce to the date when Commerce issued its *Preliminary Determination.*

26.     Commerce's failure to notify the Vietnamese producers and to provide an opportunity to provide clarification, correction, explanation or any necessary information needed to address Commerce's concerns was not supported by substantial evidence, arbitrary and capricious and not in accordance with law.

### Count III

27.     Plaintiff herein incorporates by reference paragraphs 1 through 26, *supra*, of this complaint.

28.     During the underlying proceeding, the Vietnamese manufacturers of whom Commerce applied AFA participated to the best of their ability by providing detailed questionnaire and supplemental questionnaire responses.  These Vietnamese manufacturers

believed that they fully responded to Commerce's questions and requests for information based upon their understanding of the questionnaires.

29. Commerce's determination that these companies failed to cooperate to the best of their ability is not supported by substantial evidence and not in accordance with law.

### Count IV

30. Plaintiff herein incorporates by reference paragraphs 1 through 29, *supra*, of this complaint.

31. When Commerce issued its *Preliminary Determination* and assigned AFA, the impacted Vietnamese manufacturers first became aware that Commerce found their questionnaire and/or supplemental questionnaire responses deficient, inconsistent or contradictory with their own responses or information placed on the record by other parties to the proceeding. Vietnamese manufacturers attempted to provide information and clarification on the administrative record with respect to their submissions and information raised by Commerce. Commerce rejected information submitted by as untimely new information despite the fact that sufficient notice had not been provided to the Vietnamese manufacturers of perceived issues with information that they provided on the administrative record in questionnaire or supplemental questionnaire responses.

32. Commerce's refusal to allow Vietnamese manufacturers and interested parties to place information on the record to address perceived deficiencies, contradictions and inconsistencies was arbitrary and capricious, not supported by substantial evidence and not in accordance with law.

### Count V

33. Plaintiff herein incorporates by reference paragraphs 1 through 32, *supra*, of this complaint.

34. Interested parties relied in good faith on Commerce's assertions concerning the definition of inquiry merchandise. Following the *Initiation Notice* and requests by interested parties for clarification, Commerce clarified the definition of inquiry merchandise, stating: "{t}he merchandise subject to these anticircumvention and scope inquiries does not include core veneers fully produced in Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and combined with a face and back veneer produced in China." Memorandum from Kabir Archuletta, Senior International Trade Analyst, Enforcement & Compliance, Office V, to The File, *Subject: Re: Certain Hardwood Plywood from the People's Republic of China*, *Subject: Clarification of Merchandise Subject to Anti-Circumvention and Scope Inquiries* (July 9, 2020).

35. Commerce's expansion of the definition of inquiry merchandise at the time of the *Preliminary Determination* and its failure to allow interested parties to place factual information on the record was arbitrary and capricious, not supported by substantial evidence and not in accordance with law.

### Count VI

36. Plaintiff herein incorporates by reference paragraphs 1 through 35, *supra*, of this complaint.

37. Plywood manufacturing and processing in Vietnam is significant and sophisticated. In making its circumvention determination Commerce analyzed 19 U.S.C.

§ 1677j(b) factors.  In its *Final Determination*, Commerce failed to consider and properly attribute record evidence demonstrating factors, including significant investment, extensive research and development, significant manufacturing facilities, significant and sophisticated processing and manufacturing, and the value added in Vietnam.  Moreover, Commerce failed to adequately take into account both the qualitative and quantitative value of these factors.

38.    Commerce's anticircumvention determination is not supported by substantial evidence and not in accordance with law.

## Count VII

39.    Plaintiff herein incorporates by reference paragraphs 1 through 38, *supra*, of this complaint.

40.    Commerce acknowledged "that the unique circumstances present in these inquiries may present procedural and equity concerns."  November 30th Memorandum at 3.  In its November 30th Memorandum, Commerce indicated that it was considering modifying the certification program to allow the companies that submitted quantity and value questionnaires found ineligible to certify imports for the period June 17, 2020, through December 31, 2021.  In part, this proposal would have ensured that importers, such as Boise Cascade, would not be required to pay antidumping and countervailing duties on imports of non-subject merchandise. In its *Final Determination*, Commerce refused to modify its certification program.  Commerce indicated that it would allow companies to address future certification ability in the 2022 administrative review.

41.    Commerce expanded the 2022 administrative review to include suspended entries retroactive to June 17, 2020, to determine the appropriate AD/CVD duties to apply, if any. Commerce's *Final Determination* fails to adequately address procedural and due process

concerns as it is not clear if Commerce will allow companies to address retroactive application of certification.

42.     Commerce's *Final Determination* is not supported by substantial evidence and not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Boise Cascade Building Materials Distribution LLC, requests that this Court:

(1) Hold that Commerce's *Final Determination* is not supported by substantial evidence and otherwise not in accordance with law;

(2) Remand this matter to Commerce with instructions to issue a new determination that is consistent with this Court's decision; and

(3) Grant such other and further relief as this Court may deem just and appropriate.

Respectfully Submitted,

/s/ Kristen S. Smith
Kristen S. Smith
Sarah E. Yuskaitis
**SANDLER TRAVIS & ROSENBERG, P.A.**
1300 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Tel: (202) 730-4965
Fax: (202) 842-2247

*Attorneys for Boise Cascade Building Materials Distribution LLC*

Dated: September 13, 2023